## Harriet Green Antonelli

### v.

## J. Thomas Antonelli, Jr.

Record No. 901427

September 20, 1991

Present: Carrico, C.J., Compton, Stephenson, Russell,* Whiting, and Hassell, JJ., and Poff, Senior Justice

---

* Justice Russell participated in the hearing and decision of this case prior to the effective date of his retirement on July 1, 1991.

*James B. Thorsen (Thorsen & Page*, on brief), for appellant.
*Ralph L. Axselle, Jr. (William R. Mauck, Jr.; Williams, Mullen, Christian & Dobbin*, on brief), for appellee.

JUSTICE COMPTON delivered the opinion of the Court.

In this domestic relations case involving a father's petition to reduce court-ordered child support, we awarded an appeal to consider the criteria to be applied when the father's income has diminished due to a voluntary change of employment. Determining that the issue involves a matter of significant precedential value within the meaning of Code § 17-116.07(B), we agreed to review the Court of Appeals' decision.

The parties were divorced by a May 1987 final decree which incorporated a property settlement agreement obligating the father to pay $1,600 per month for the support of the parties' four minor children. In July 1987, the father voluntarily left a salaried management position with a Richmond stock brokerage firm for a commissioned sales position with another Richmond stock broker. At the time of the change, the father's earnings at the new job had been projected to be about the same as at his former employment. Following the stock market "crash" in October 1987, however, his annual income diminished approximately $10,000 from the sum he had been earning from the first employer.

In January 1989, the father filed a petition in the Juvenile and Domestic Relations District Court of Henrico County alleging a

material change in his financial circumstances and seeking a reduction in his child support obligation. That court reduced the obligation to $830 per month. On appeal, the Circuit Court of Henrico County, after a hearing, denied the reduction request and ordered the father to continue to pay the original amount.

The chancellor ruled that the father had proved "there is a financial change in circumstances" and held "that this is a material change of circumstances." The chancellor noted, explicitly relying on *Edwards* v. *Lowry*, 232 Va. 110, 348 S.E.2d 259 (1986), that the father must also prove "that the lack of ability to pay is not due to any voluntary act or neglect."

Additionally, the chancellor determined that the father's change from a management position to a sales position was "a voluntary act and a lateral move" with "similar income potential." In making the change, the chancellor found, the father "accepted the risk involved in being a commissioned stockbroker." Concluding, the chancellor decided that the father had failed to meet the requirements of *Edwards* and that he had failed to prove he was entitled to a reduction in the support obligation. The father appealed.

Upon appeal, the Court of Appeals reversed the circuit court, holding that the court "imposed an erroneous standard of proof" on the father. *Antonelli* v. *Antonelli*, 11 Va. App. 89, 90, 396 S.E.2d 698, 699 (1990). In its opinion, the Court of Appeals summarized the settled principles that we articulated in *Edwards* which are to be applied to requests to modify court-ordered support obligations.

When invoking the divorce court's continuing jurisdiction under Code § 20-108, following entry of a final decree of divorce, a party seeking a change in court-ordered child support has the burden to prove by a preponderance of the evidence a material change in circumstances justifying modification of the support requirement. *Edwards*, 232 Va. at 112, 348 S.E.2d at 261. In discharging this burden, a father seeking a reduction in support payments must also make a full and clear disclosure about his ability to pay, and he must show his claimed lack of ability to pay is not due to his own voluntary act or because of his neglect. *Id.* at 112-13, 348 S.E.2d at 261. In other words, the father must establish that he is not "voluntarily unemployed or voluntarily under employed." Code § 20-108.1(B)(3).

The Court of Appeals, in the course of its opinion, elaborated on the *Edwards* statement that the father must show his inability

to pay is not due to his "own voluntary act or because of his neglect." Noting that the father in this case "claimed to have made a bona fide employment change from which he expected career satisfaction and financial success," *Antonelli*, 11 Va. App. at 94, 396 S.E.2d at 701, the Court of Appeals said that, while any career change is a "voluntary act," the law defining child support obligations is not "intended to frustrate ambition or enterprise." *Id*. The Court of Appeals construed the term "voluntary act" to mean a "willful act done for the purpose of frustrating the feasibility or enforceability of the support obligation." *Id*.

Accordingly, the Court of Appeals held that a father "who shows a reduced ability to satisfy his obligation, which is not due to his wrongdoing, his neglect of his affairs, or his intentional diminution of his financial ability other than in connection with a bona fide and reasonable business undertaking, is entitled to have that reduction considered along with the other usual factors, including his general earning capability, in determining his child support obligation." *Id*.

Applying those criteria, the Court of Appeals said that the circuit court found that the father had demonstrated a change of circumstances, but was silent on "the required corollary finding of whether this change justified the reduction sought." *Id*. The circuit court, according to the Court of Appeals, failed to determine whether the father's voluntary act in changing employment was "a bona fide and reasonable business undertaking or whether it was for the purpose of reducing his ability to support his children." *Id*. at 95, 396 S.E.2d at 701. Finding such failure to be error, the Court of Appeals remanded the matter to the circuit court "for further proceedings" and for "reconsideration of the merits of the petition for reduction in child support." *Id*.

We agree with the gloss the Court of Appeals has placed on *Edwards*. We disagree, however, with the Court of Appeals' application of those principles to this case, the effect of which is to afford the father another opportunity to prove what he failed to prove in the first instance. In sum, we do not believe that the chancellor imposed an erroneous standard of proof on the father.

■ The record demonstrates that the chancellor applied the elementary principles, recently summarized in *Edwards*, appropriate to reduction requests such as the one presented in this case. The only unusual feature here is that the fact pattern is one not presented in earlier cases. *See Edwards*, 232 Va. at 113 n.*, 348

S.E.2d at 261 n.\*. As we interpret the chancellor's decision, he did not penalize the father merely because he voluntarily changed employment, as the Court of Appeals seems to indicate. Rather, the chancellor, recognizing that the change was "a lateral move" with "similar income potential," determined that the father "accepted the risk involved in being a commissioned stockbroker."

The effect of the chancellor's decision to deny the reduction was to hold that the father gambled with the children's ability to receive his financial support, and lost. Of course, a father is not prohibited from voluntarily changing employment. But, the chancellor, in the exercise of judicial discretion, implicitly held that when the father who was under court order to pay a certain sum for child support, which he was able to pay given his employment, chose to pursue other employment, albeit a bona fide and reasonable business undertaking, the risk of his success at his new job was upon the father, and not upon the children. We cannot say that this demonstrates the chancellor imposed an erroneous standard of proof in denying the father relief.

Consequently, the judgment of the Court of Appeals will be reversed. We will award the mother a sum on account of attorney's fees in this Court, and we will remand the case to the Court of Appeals directing it to fix a sum on account of attorney's fees for the mother in that court. We will also direct the Court of Appeals to remand the case to the circuit court for reconsideration of its denial of the mother's request for attorney's fees there, and for entry of an order dismissing the father's petition for reduction.

*Reversed and remanded.*

JUSTICE WHITING, dissenting.

I dissent for two reasons.

First, the trial court and the majority treat the allocation of the risk of the father's bona fide job change as an "either/or" proposition, and require the father to assume the entire risk of its success, regardless of whether his job change was a reasonable business decision made in good faith. In doing so, they regard as irrelevant the evidence already in this record that would support a finding that the father's job change was a bona fide and reasonable business undertaking. I think that this evidence was relevant and should have been considered.

Nor can I agree that the Court of Appeals fell into the same "either/or" error by allocating the entire risk upon the children and not the father, as the majority implies. Rather, I believe the Court of Appeals remanded the case for the trial court's reconsideration of all relevant factors; "along with the other usual factors" is the Court of Appeals' language. *Antonelli* v. *Antonelli*, 11 Va. App. 89, 95, 396 S.E.2d 698, 701 (1990).

In my opinion, one "usual" or relevant factor to be considered should be an allocation of the burden of the father's reduced income between the father and his children, if the evidence already before the trial court establishes that the job change was based on a reasonable business decision, made in good faith. Should the trial court find that a reduction was justified in these circumstances, it need not impose the entire burden of the father's reduced income on either the father or the children. Instead, it should apportion the burden between the two in deciding how much to reduce the father's support obligation.

This seems fair for two reasons. First, if the father had been a custodian of the children, either before or after the marriage terminated, the children would have shared the benefits and burdens of this risk with their father.

Second, Code § 20-108 authorizes the court to "revise and alter [its] decree concerning the . . . maintenance of the children and make a new decree concerning the same, as the circumstances of the parents and the benefit of the children may require." Thus, if the father's job change had increased his income, this "changed circumstance" might authorize an increase in the support payments due the mother as custodian of the children. Because the children can share in the benefits resulting from an increase in the father's income, a trial court should consider whether the children should bear any burden resulting from their noncustodial father's decreased income, provided his decision to change jobs was made in good faith and was a reasonable business decision.

My second reason for dissenting is that I do not agree with the majority that the "effect" of the Court of Appeals' remand of the case was to give the father a second opportunity to prove an element of his case that he had not proven in the first instance. I find nothing in that Court's opinion which would authorize the father to introduce any additional evidence in this case. Rather, I believe that the Court of Appeals clearly directed the trial court to recon-

sider the previously disregarded evidence in the following language of one of its concluding paragraphs:

> The trial court found that Mr. Antonelli had demonstrated a material change of circumstances. It was silent as to the *required corollary finding* of whether this change justified the reduction sought. The trial court found that Mr. Antonelli's career change was a voluntary act. It *should also have determined* whether that change was a bona fide and reasonable business undertaking or whether it was for the purpose of reducing his ability to support his children. It *should have determined* whether his financial reverses resulted from his wrongful act or neglect. It *should have considered the case findings*, along with the other usual factors, in ruling on Mr. Antonelli's petition. Its failure to do so was error.

*Antonelli*, 11 Va. App. at 94-95, 396 S.E.2d at 701 (emphasis added). Therefore, I believe that the remand was simply one requiring the trial court to apply the proper standard of consideration to the evidence before the court.

As the Court of Appeals did, I would remand this case with instructions that the trial court correct its error by considering the previously disregarded evidence as one of the relevant factors in deciding whether and how much to reduce the court-ordered support payments.