COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Annunziata and Overton
Argued at Alexandria, Virginia


HECTOR MAYA, JR.

v.        Record No. 0429-95-4      MEMORANDUM OPINION[*] BY
                                    JUDGE JERE M. H. WILLIS, JR.
SUSAN E. MAYA                       JANUARY 11, 1996

             FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                      James H. Chamblin, Judge

         Cheryl K. Brunner (Bradley T. White; Brunner &
         White, on briefs), for appellant.

         Cindy Leigh Decker (Walter C. Jacob, P.C., on
         brief), for appellee.


     On appeal from the trial court's denial of his motion to

reduce child support, Hector Maya, Jr. contends the trial court

erred in finding him voluntarily underemployed and in imputing

income to him.  We find no error and affirm the judgment of the

trial court.

     Mr. and Ms. Maya were divorced on December 8, 1993.  Ms.

Maya was awarded sole legal and physical custody of their minor

son.  Mr. Maya was ordered to pay $425 per month child support

and to maintain health insurance on their son.

     At the time of the divorce decree, Mr. Maya earned $21,700 a

year as an accounts billing clerk with ICO Kaiser International.

Ms. Maya worked for Vrendenburg, earning $20,000.  On March 1,

1994, Mr. Maya was laid off from Kaiser due to company

_____

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

downsizing. On March 28, 1994, he was arrested and charged with forgery. On May 28, 1994, he was convicted and sentenced to three years probation. In June 1994, he began working as a waiter, earning $2.13 per hour.

On August 2, 1994, Ms. Maya petitioned for a rule to show cause, alleging that Mr. Maya had failed to pay child support from March 1994, until August 1994, and that he had not provided health insurance for their son. On August 31, 1994, Mr. Maya was found in contempt of the December 8, 1993 decree. He was ordered to keep his child support current and to pay an additional $74.82 a month to Ms. Maya for their son's health insurance.

On October 31, 1994, Ms. Maya filed a second petition for a rule to show cause, alleging that Mr. Maya had failed to comply with either the December 8, 1993 decree or the August 31, 1994 order. Mr. Maya failed to appear and a capias was issued for his arrest. A condition of his bail bond required that he post $4,316.36 to be held for Ms. Maya's benefit. After his arrest, he posted the required bond.

On November 18, 1994, Mr. Maya moved to reduce his support obligation because of a material change in circumstances. He alleged that he had been laid off from his job in March 1994, had been arrested and incarcerated from March 27 to May 26, 1994, had been convicted of forgery, and was employed as a waiter at greatly reduced earnings. On December 28, 1994, Ms. Maya filed a third petition for a rule to show cause. After a hearing, the

trial court issued a letter opinion denying Mr. Maya's motion to reduce child support. The court found a material change in the parties' financial circumstances, that Mr. Maya's income had greatly decreased and Ms. Maya's income had increased by $5,000.

However, it also found that Mr. Maya was voluntarily underemployed. It found that Mr. Maya's forgery conviction was due to his own wrongdoing, and that his inability to obtain a job with the same earning capacity as his former job was partially due to that conviction and partially due to his failure to make a diligent search for new employment. Based on those findings, the trial court found that Mr. Maya's decreased earning capacity was due to his own voluntary act or neglect.

"When invoking the divorce court's continuing jurisdiction under Code § 20-108, following entry of a final decree of divorce, a party seeking a change in court-ordered child support has the burden to prove by a preponderance of the evidence a material change in circumstances justifying modification of the support requirement." Antonelli v. Antonelli, 242 Va. 152, 154, 409 S.E.2d 117, 118-19 (1991) (citation omitted). "A material change in circumstances, standing alone, does not provide a basis for the trial court to modify its support decree." Yohay v. Ryan, 4 Va. App. 559, 566, 359 S.E.2d 320, 324 (1987). The party "seeking a reduction in support payments must also make a full and clear disclosure about his ability to pay, and he must show his claimed lack of ability to pay is not due to his own

voluntary act or because of his neglect." <u>Antonelli</u> at 154, 409 S.E.2d at 119.

Mr. Maya first contends that the trial court erred in finding him voluntarily underemployed. He argues that he works fifty hours a week to earn money to meet his child support obligation, but is unable to do so because of his low wages, not because of neglect. He argues that his inability to obtain a more lucrative job results not from his conviction, but from a bad job market.

We find no error in the trial court's finding that Mr. Maya is voluntarily underemployed. He did not prove that his reduced earning capacity was not due to his own voluntary act or neglect. <u>Id.</u> Although he was laid off through no fault of his own, his forgery conviction is the result of his own wrongdoing and greatly diminishes his chances of obtaining a position of trust. Mr. Maya testified that he had not looked for a higher paying job since he began working as a waiter in June 1994, and offered no evidence of a bad job market.

Mr. Maya next contends that the trial court erred in imputing income to him pursuant to Code § 20-108.1(B)(3). He first argues that because § 20-108.2 establishes a presumptive guideline amount for child support, Ms. Maya has the burden of establishing why a deviation from that amount is appropriate. The statute imposes no such burden. "Where a parent is 'voluntarily unemployed or voluntarily underemployed' a trial

court may impute income based on evidence of recent past earnings." Brody v. Brody, 16 Va. App. 647, 651, 432 S.E.2d 20, 22 (1993) (citation omitted).

Mr. Maya next argues that income should not be imputed to him because he is barred by legal impossibility from pursuing his former employment. See L.C.S. v. A.C.S., 19 Va. App. 709, 719, 453 S.E.2d 580, 585 (1995). Mr. Maya argues that the terms and conditions of his probation bar him from working in accounts payable and from handling checks. However, the record supports the trial court's finding that Mr. Maya has made no reasonable effort to secure employment utilizing his professional capabilities and producing an income comparable to what he earned before his conviction.

Third, Mr. Maya argues that imputing income to him violates the double jeopardy clause of the Fifth Amendment by imposing multiple punishments for his forgery offense. See U.S. v. Halper, 490 U.S. 435 (1989). We reject this argument. Mr. Maya's child support obligation is not a civil sanction, but is a civil liability based on his responsibility as a parent.

The trial court found Mr. Maya voluntarily underemployed not because he was laid off from Kaiser, but because he has not sought a better paying job since the time of his conviction. "[A] parent may not 'purposefully choose to pursue a low paying career which operates to the detriment of [the parent's] children.'" Hur v. Va. Dep't of Social Services, 13 Va. App. 54,

60, 409 S.E.2d 454, 458 (1991) (citations omitted). Mr. Maya presented no evidence of his career plans or that he was seeking employment with a greater earning capacity.

Because the court found Mr. Maya voluntarily underemployed, it acted properly in imputing income to him. The trial court first computed the presumptive guideline amount of support using Mr. Maya's present monthly earnings and then computed it using his former monthly earnings. The amount of support actually awarded, $425, is between those two figures. See Barnhill v. Brooks, 15 Va. App. 696, 702, 427 S.E.2d 209, 213-14 (1993).

Although Mr. Maya showed a material change in circumstances justifying a review of the previous award, we find no abuse of discretion in the trial court's holding that Mr. Maya failed to meet his burden of proving that the material change in circumstances warranted a reduction in his child support obligation.

We affirm the judgment of the trial court.

Affirmed.