COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Annunziata and Overton

EDWIN EUGENE GELLETLY

v.   Record No. 1127-95-2                     MEMORANDUM OPINION[*]
                                                  PER CURIAM
ELANA H. GELLETLY                             JANUARY 23, 1996

            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                     Theodore J. Markow, Judge

           (Thomas F. Coates, III; Susan L. Wright; Coates &
           Davenport, on briefs), for appellant.

           (Alfred L. Shilling, on brief), for appellee.


     Edwin E. Gelletly (husband) appeals the decision of the

circuit court ordering him to pay spousal support to Elana

Gelletly (wife) and deciding other issues.  Husband raises two

issues on appeal:  (1) whether the trial court abused its

discretion by refusing to terminate spousal support; and (2)

whether the trial court abused its discretion by imputing income

to husband.  Upon reviewing the record and briefs of the parties,

we conclude that this appeal is without merit.  Accordingly, we

summarily affirm the decision of the trial court.  Rule 5A:27.

                  Failure to Terminate Spousal Support

     Code § 20-109 provides that "[u]pon petition of either party

the court may increase, decrease or terminate spousal support and

maintenance that may thereafter accrue . . . as the circumstances

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

may make proper."  "The moving party in a petition for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support."  Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989).  "[T]he 'circumstances' which make 'proper' an increase, reduction or cessation of spousal support under Code § 20-109 are financial and economic ones."  Hollowell v. Hollowell, 6 Va. App. 417, 419, 369 S.E.2d 451, 452-53 (1988).

Husband contends that wife had not demonstrated a need for continued spousal support and had failed to seek suitable full-time employment.  The trial court found that wife had a reduced need for support since the last hearing and reduced the support payments by $200 a month.  Wife was working approximately seventeen and a half hours a week, and presented evidence that she had sought full-time employment.  Wife's ability to seek greater employment continued to be hampered by discomfort from two ruptured discs.  Wife had also suffered two accidents and had broken her leg, in the intervening period.

As credible evidence supports the trial court's determination that wife continued to need spousal support, we cannot say that the court abused its discretion in refusing to terminate support.

## Imputation of Income

Husband contends that he was unable to pay any support, that

2

he had attempted to find suitable work, and that the trial court erred by imputing income to him. The trial court found that husband's decision to leave his full-time employment with its salary of $85,000 was a significant change in circumstances since the last hearing. However, the court also found that husband was responsible for the change because "[h]e jumped from a place of safety into a dry hole." The court imputed income to husband at his former salary level. The trial court ruled that the changed circumstances warranted a $200 a month decrease in, but not the elimination of, husband's spousal support obligation.

Husband took a cut in pay when he left his former employment. Subsequently, husband lost his position with his new employer. Husband testified that he had sought employment, but had not worked since losing his job in December 1994. Husband admitted he had not looked for positions paying in the $25,000 range because

> when somebody looks at my resume, and they say, well, this is [sic] guy has owned four or five companies. He is an $85,000 a year guy. He does this, that and the other, how long is he really going to work for me. If I go in here and teach him my job for $25,000, and, you know, when he gets a $40,000 job, he is walking, and we have wasted a lot [of] time. Then when he gets a $40,000 job, he will find a $50,000 job, and he is walking . . . .

The party who incurs a voluntary reduction of income, even if done in good faith, also bears the associated risks. Antonelli v. Antonelli, 242 Va. 152, 155-56, 409 S.E.2d 117, 119-

20 (1991). That party cannot then assert lack of income as grounds for eliminating support. Id. Although husband had no income, he voluntarily left a job he held for seven years, with its high salary, for a job with a lower salary and greater risks. The fact that the new job fell short of his expectations did not relieve husband of his pre-existing spousal support obligations. Therefore, we find the trial court's decision is supported by credible evidence and is not an abuse of discretion.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.