COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Fitzpatrick and Overton
Argued at Salem, Virginia


DIANE MARIE DREYER RIBBLE

v.          Record No. 0899-95-3       MEMORANDUM OPINION[*] BY
                                       JUDGE JERE M. H. WILLIS, JR.
STEPHEN DEXTER RIBBLE                        APRIL 23, 1996


            FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
                      Ray W. Grubbs, Judge

          Edwin C. Stone (Stone, Harrison, Turk &
          Showalter, P.C., on brief), for appellant.

          Stephen D. Ribble, pro se.


     Diane Marie Dreyer Ribble contends that the trial court

erred in denying her petition for modification of child support.

We find no error and affirm the judgment of the trial court.

     The parties were granted a final decree of divorce on

November 18, 1992.  Ms. Ribble was awarded custody of the

parties' two minor children.  The divorce decree required Mr.

Ribble to pay $560 per month child support and $180 per month

employment-related child care expenses through the 1992-93 school

year.

     During the 1993-94 school year, Ms. Ribble sought

contribution from Mr. Ribble for her current monthly child care

charges.  He made no payment against those expenses.  In October,

1993, Ms. Ribble served a notice on Mr. Ribble advising him that

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

she would petition the court to order him to help pay child care expenses.  No hearing was held on that petition.  On January 18, 1994, Ms. Ribble filed a petition seeking an increase in child support to cover work-related child care expenses and medical expenses.  A hearing was held on May 16, 1994.  The evidence showed that no day care expenses beyond the 1992-93 school year were included in the divorce decree, that Ms. Ribble incurred $4,063 in work-related day care expenses for the 1993-94 school year, and that Mr. Ribble had not paid any of those expenses.

The trial court refused to require Mr. Ribble to pay any part of the work-related day care expenses for the 1993-94 school year because that obligation was not provided in the final decree and the petition requesting reimbursement was never acted upon.  However, the trial court ordered Mr. Ribble to pay one-half of future work-related day care expenses, not to exceed $175 per month, arising after May 16, 1994.  We find no error in the trial court's judgment.

"When invoking the divorce court's continuing jurisdiction under Code § 20-108, following entry of a final decree of divorce, a party seeking a change in court-ordered child support has the burden to prove by a preponderance of the evidence a material change in circumstances justifying modification of the support requirement."  Antonelli v. Antonelli, 242 Va. 152, 154, 409 S.E.2d 117, 118-19 (1991) (citation omitted).  Ms. Ribble alleged no material change in circumstances justifying a change

- 2 -

in court-ordered child support.  She alleged only that Mr. Ribble owed her money for work-related child care expenses incurred after the court-ordered support for child care had expired. Because the final divorce decree made no provision for child care expenses after the 1992-93 school year, Mr. Ribble was under no obligation to pay those expenses until ordered.

The judgment of the trial court is affirmed.

<u>Affirmed.</u>