COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Annunziata and Senior Judge Cole
Argued at Richmond, Virginia


BERNARD H. LEIFFER
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1035-96-2   JUDGE ROSEMARIE ANNUNZIATA
                                         MARCH 18, 1997
EMILY LEIFFER


            FROM THE CIRCUIT COURT OF HENRICO COUNTY
                      James E. Kulp, Judge

            Judson W. Collier, Jr. (Hooker, Bode,
            Collier, Dickinson & Gardner, on brief), for
            appellant.

            Phoebe P. Hall (Franklin P. Hall; Hall &
            Hall, on brief), for appellee.


     Husband, Bernard H. Leiffer, appeals the final order of the

trial court establishing permanent spousal support payable to

wife, Emily Leiffer.  Husband contends that the court erred by

(1) imputing income to him; and (2) ordering permanent support

payable September 20, 1995 rather than May 1, 1995.  We affirm.

                              I.

     In April 1994, wife filed a bill of complaint, seeking a

divorce from husband.  In June 1994, the court ordered husband to

pay temporary support in the amount of $4,893.38 per month.  In

May 1995, husband petitioned the court to reduce his temporary

support obligation.  Husband's petition was taken under

advisement pending husband's compliance with the court's

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

discovery orders.

At a subsequent hearing on the grounds of divorce and equitable distribution, held September 20, 1995, husband remained in default of the court's orders. At that time, the court awarded wife a divorce and proceeded with equitable distribution. It took the issue of permanent spousal support under advisement, however, stating, "[t]he problem is, the Court is not confident of what [husband's] job is, what his present income is to try to make any decision on the issue of permanent spousal support."

A hearing was finally held on the issue of permanent spousal support in February 1996. Following the hearing, the court imputed income to husband and ordered him to pay $1,000 per month in permanent spousal support, commencing on March 1, 1996. In its order, the court made the following finding:

> Upon the evidence heard, the Court finds that [husband] voluntarily left his employment at Sears and thereby knowingly and voluntarily decreased his earnings and that income should be imputed to him. The Court finds that [husband] has an earning capacity of $8,025 per month, or $96,300 per year, and will impute to [him that amount] for spousal support purposes. The Court finds that [wife] earns approximately $36,500 per year.

The court further found husband in arrears for temporary support payments from March 1, 1995 to February 29, 1996. The court ordered husband to pay the full amount of temporary support, $4,893 per month, through September 20, 1995, and modified temporary support to $1,000 per month effective that date.

On appeal, we view the evidence and all reasonable inferences therefrom in the light most favorable to wife, the prevailing party below. <u>Alphin v. Alphin</u>, 15 Va. App. 395, 399, 424 S.E.2d 572, 574 (1992). We presume that the trial court based its decision on the evidence presented and properly applied the law, <u>Williams v. Williams</u>, 14 Va. App. 217, 221, 415 S.E.2d 252, 254 (1992), and we will not disturb the trial court's judgment unless it is plainly wrong or without evidence to support it. <u>Jennings v. Jennings</u>, 12 Va. App. 1187, 1189, 409 S.E.2d 8, 10 (1991).

In determining an award of spousal support, a "court may impute income to a party who is voluntarily unemployed or underemployed." <u>Calvert v. Calvert</u>, 18 Va. App. 781, 784, 447 S.E.2d 875, 876 (1994); Code § 20-107.1(1).

> A reduction in income resulting from a voluntary employment decision does not require a corresponding reduction in the payor spouse's support obligations, even if the decision was reasonable and made in good faith. . . . The trial court, in determining whether to award support and the amount thereof, may consider earning capacity as well as actual earnings in fashioning the award so long as it applies "the circumstances in existence at the time of the award."

<u>Stubblebine v. Stubblebine</u>, 22 Va. App. 703, 708, 473 S.E.2d 72, 74 (1996) (en banc) (quoting <u>Payne v. Payne</u>, 5 Va. App. 359, 363, 363 S.E.2d 428, 430 (1987)); <u>see also</u> <u>Antonelli v. Antonelli</u>, 242 Va. 152, 156, 409 S.E.2d 117, 119-20 (1991) (risk of success in

pursuing employment change borne by obligor).

The position husband held at Sears, which paid him $8,025 per month, was "eliminated" due to corporate "downsizing." Sears offered husband another position where he would continue to earn $8,025 for an undetermined period. Husband stated that he was overqualified for the new position, which would have required him to relocate to Minnesota and work primarily in North and South Dakota. Instead, husband opted for a severance package from Sears and left in March 1994.

Within two months husband moved to Nashville. He rejected an offer of employment from a firm in New York City which would have paid him $102,000 per year, and he remained unemployed until July 1994, when he began working for a small company in Nashville. Husband purchased a portion of the company to become a part-owner. At the time, the company had "significant outstanding receivables that were not being collected and revenue was off significantly." Husband and his business partners agreed not to be reimbursed for expenses they incurred on behalf of the business in order to keep the company "afloat." The company dissolved in March 1995.

The evidence in this case supports the trial court's imputation of income. Husband's unemployment and subsequent underemployment was voluntary and unreasonable. While under a court order to pay a certain sum for support, husband declined a transfer within Sears that would have paid him his then current

- 4 -

salary for an undetermined time, with no available option for continued employment. Although husband testified that he sent out "over a thousand resumes, [and] worked with executive search firms all over the country," the record contains no other evidence of such efforts to find employment. The trial court was entitled to infer that husband's decision to relocate to Nashville was not a legitimate career move.

Moreover, husband forwent a job paying nearly $100,000 per year for a risky venture in a small company soon to be bankrupt. Regardless of the "reasonableness" of his decision, husband bore the risk of success, not wife. See Antonelli, 242 Va. at 156, 409 S.E.2d at 119-20.

Husband also argues that the imputation of income violates the principle that support awards are to be based on present conditions, not future circumstances. He argues that by imputing income to him, the court has improperly considered an uncertain future event--the possibility that he will again reach the earning capacity he achieved at Sears. This argument is misplaced. In imputing income, the court considered an amount it considered husband was presently able to earn.

III.

Husband contends that the trial court erred in retroactively modifying his temporary support obligation. Code § 20-112 provides:

> No support order may be retroactively modified, but may be modified with respect to any period during which there is a pending

- 5 -

> petition for modification, but only from the
> date that notice of such petition has been
> given to the responding party.

Husband contends that Code § 20-112 required the court to modify the temporary support award effective May 1, 1995, the date he filed his petition to reduce temporary support. We disagree. The statute does not require a retroactive modification to take effect on that date. To the contrary, the statute plainly states that the order may be retroactively modified "with respect to <u>any</u> <u>period</u> during which there is a pending petition."

Accordingly, the trial court's decision is affirmed.

<u>Affirmed.</u>