# CIRCUIT COURT OF THE CITY OF RICHMOND

Denatra Green-Stroman

    v.

Ricky Stroman

February 17, 2006

Case No. CH04-9801

BY JUDGE MELVIN R. HUGHES, JR.

I have received a draft for final decree in this case from Ms. Hicks, as I requested. Also, pursuant to my request, she has attached three child support work sheets, one calculated on the parties' income in 2003 when defendant earned $25,272.00, one on the parties' income using $12,000.00 yearly income for the defendant, and one for the parties' income using $8,000.00 as yearly income for the defendant.

Upon consideration, I have decided to impute the $25,272.00 yearly income to defendant. Accordingly, I have filled in the blank space provided in the draft decree with the $329.54 monthly sum urged by plaintiff. I have done this for the following reasons.

When determining an award of child support, "a court may impute income to a party who is voluntarily unemployed or underemployed." *Calvert v. Calvert*, 18 Va. App. 781, 784, 447 S.E.2d 875, 876 (1994). Here, I find that plaintiff has satisfied her burden of showing that the defendant has voluntarily foregone more gainful employment. *Nemiac v. Commonwealth*, 27 Va. App. 446, 451, 499 S.E.2d 576, 579 (1998). *See also Brody v. Brody*, 16 Va. App. 647, 661, 432 S.E.2d 20, 22 (1993) ("Where a parent is voluntarily underemployed . . . [the] court may impute income based on evidence of recent past earnings"). Thus, the court will deviate from the presumptive amount of child support. *See Albert v. Albert*, 38 Va. App. 204, 295, 563 S.E.2d 389, 396 (2002).

Here, the reason assigned for the defendant's diminution in income is going back to school to earn a master's degree. I think that while this effort can be seen as an attempt to better himself and presumably make more financial resources and opportunities available, it would be unjust and inappropriate to deny the child support to which he is entitled under proven income capability. The court's "analysis in *Antonelli* [*v. Antonelli*, 242 Va. 152, 409 S.E.2d 117 (1991)], makes it clear that actions which are either purposely taken with the desire to evade one's support obligations or which evidence a careless disregard for one's support obligations, can constitute 'wrongdoing' sufficient to warrant imputation of income." *Mansfield v. Taylor*, 24 Va. App. 108, 114 (1987). Such choice that the defendant made in pursuing higher education on the hope that the result might better his employment and income, albeit a bona fide and reasonable undertaking, involves a risk that should be borne by him and not the child. *Antonelli*, 242 Va. at 156, 409 S.E.2d at 199-20.