COURT OF APPEALS OF VIRGINIA

Present:   Judges Alston, Decker and Senior Judge Coleman

CATHERINE STREAT LANIER

v.        Record No. 0824-14-2

PAUL OWEN LANIER, II

MEMORANDUM OPINION*
PER CURIAM
NOVEMBER 4, 2014

FROM THE CIRCUIT COURT OF HENRICO COUNTY
Catherine C. Hammond, Judge

(Elliott B. Bender; David C. Reinhardt, Third Year Practice
Certificate; Elliott B. Bender, PLLC, on briefs), for appellant.

(Michael S. Ewing; Batzli Stiles Butler, PC, on brief), for appellee.

Catherine Streat Lanier (wife) appeals an order terminating her spousal support award.

Wife argues that the trial court erred by (1) granting the petition for termination of spousal support

filed by Paul Owen Lanier, II (husband) "where there was no evidence that [husband] provided a

full, fair, and clear disclosure of pertinent facts bearing on his ability to pay;" (2) finding that there

was a material change of circumstances that warranted a modification of support "where there was

overwhelming evidence that [husband] did not provide a full, fair, and clear disclosure of pertinent

facts bearing on his ability to pay;" (3) finding that there was a material change of circumstances

that warranted a termination of support "where there was no evidence that a substantial portion of

[husband's] obligations did not result from neglect or misconduct;" (4) finding that husband was not

voluntarily underemployed "where the court misapplied the applicable standard and did not

consider the reasonableness of [husband's] efforts to find employment based on all of [his] training

and experience;" and (5) terminating husband's spousal support obligation "where there was no

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

evidence showing a material change in circumstances warranting termination and it did not consider whether the evidence justified termination of spousal support." Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

The parties married in 1986 and divorced in 1992. Husband was obligated to pay wife $850 per month in spousal support; however, that amount was reduced to $700 per month in 1995. In 2009, the Richmond Circuit Court held that it would be unconscionable to terminate wife's spousal support despite the fact that she was cohabiting with another person in a relationship analogous to marriage.

In February 2012, husband lost his job. Consequently, he filed a motion to terminate or reduce his spousal support obligation. The Henrico County Juvenile and Domestic Relations District Court reduced husband's spousal support obligation to $675 per month. Husband appealed to the Henrico Circuit Court.

On May 28, 2013, the parties appeared before the circuit court to present evidence and argument regarding husband's motion to modify spousal support. Husband explained that when he was terminated from his job, he was told that "things weren't working out."[1] Husband testified he received unemployment compensation for "a while." He discussed his efforts about finding a job and the fact that he was still trying to find work. Since his termination from employment, he withdrew funds from his retirement and savings accounts. He borrowed against his life insurance policy. He also took loans from the family corporation for which he was a minority shareholder. Husband explained that his father was CEO and controlled the business.

---

[1] His employer testified that husband was terminated because his division was losing money.

Husband had no control over the dividends or income from the business. Meanwhile, wife testified that her financial situation had not changed since 2009, although some of her household expenses had increased. She was disabled and did not work. She also testified about her physical ailments and her medications. After hearing all of the evidence and argument, the trial court took the matter under advisement.

On May 30, 2013, the circuit court issued a letter opinion. It found that husband's termination from his employment was a material change in circumstances. It further held that husband's job loss was due to the fact that his division was not profitable and was not his fault. The trial court stated that husband was not voluntarily unemployed and was actively seeking employment. The trial court ruled that husband's spousal support obligation would be suspended "as of March 19, 2012, until further hearing by this Court." The trial court ordered the parties to schedule a hearing in December 2013 "to evaluate whether Mr. Lanier was still unemployed or whether the Court should impute income to Mr. Lanier."

On July 30, 2013, wife filed a motion to reconsider. The trial court did not rule on this motion.

On August 26, 2013, the circuit court entered an order memorializing its rulings from the May 30, 2013 letter opinion.

On February 24, 2014, the parties appeared before the circuit court for a review hearing. Wife called husband as a witness and questioned him about his interest in the family's business and the money he borrowed from the business and his father. She also questioned him about his income and expense statement and his job search. After hearing argument, the trial court held that contrary to wife's allegations, husband provided "satisfactory" disclosure of his financial information. The trial court found that "the reason for [husband's] unemployment was something other than misconduct or negligent [sic]." Lastly, the trial court found that "the

evidence is satisfactory that he has pursued employment. And at this time he is unemployed not through fault of his own." The trial court concluded that husband did not have the ability to pay spousal support, and consequently, it terminated his spousal support obligation. The trial court entered its final order on April 7, 2014. This appeal followed.

ANALYSIS

"We will not disturb the trial court's decision where it is based on an *ore tenus* hearing, unless it is 'plainly wrong or without evidence in the record to support it.'" Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992) (quoting Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989)).

*Assignments of error 1 and 2*

Wife argues that the trial court erred by holding that husband provided a "full, fair, and clear disclosure" of his financial situation that affected his ability to pay spousal support. Wife alleges that husband failed to disclose his true financial situation. Wife asserts that husband did not provide sufficient information regarding his interest in his family business and his ability to receive distributions and loans from this company.

"[A] party seeking a reduction in support payments . . . 'must make a full and clear disclosure relating to his ability to pay.'" Edwards v. Lowry, 232 Va. 110, 112, 348 S.E.2d 259, 261 (1986) (quoting Hammers v. Hammers, 216 Va. 30, 31, 216 S.E.2d 20, 21 (1975)); see also Antonelli v. Antonelli, 242 Va. 152, 154, 409 S.E.2d 117, 119 (1991) (A party "seeking a reduction in support payments must also make a full and clear disclosure about his ability to pay . . . .").

The trial court found that husband provided full disclosure, despite wife's claims. The court stated, "I understand the frustration expressed by [wife's counsel] that when you see that

Four-L [the family business] was paying out so much money previously, it's hard to understand why it's stopped, but there has been enough disclosure."

Wife relies on Crosby v. Crosby, 182 Va. 461, 29 S.E.2d 241 (1944), to support her arguments that husband failed to provide sufficient disclosure of his assets. In Crosby, Mr. Crosby did not appear in the trial court to testify about his assets and liabilities, and the court found husband's financial information was "so vague and confusing as to be of little probative value." Id. at 466, 29 S.E.2d at 243. Likewise, wife contends husband's disclosure was lacking. She asserts that husband "failed to completely disclose the nature, uses, and location" of some of his assets and "failed to disclose the whereabouts of a substantial portion of" his bank deposits. She questions his testimony regarding the family business and the dividends he received.

Despite wife's contentions, she had the opportunity to conduct discovery while the case was pending, and husband responded to her discovery requests. Husband provided seven years of bank statements, multiple income and expense statements, and several years of tax returns. At the trial, husband introduced evidence about his retirement accounts, life insurance, and debts. Wife had a copy of the family business' tax return and balance sheet. Husband also submitted to a deposition on February 10, 2014, when her counsel further questioned him about his financial situation. Unlike Crosby, wife had the opportunity to question husband at several hearings and a deposition.

Based on the record, this Court cannot say that husband failed to provide full and clear disclosure regarding his ability to meet his support obligations.

*Assignment of error 3*

Wife argues that the trial court erred in finding a material change in circumstances that warranted a termination of spousal support because there was no evidence that husband's obligations were a result of his neglect or misconduct. Wife contends husband's inability to pay

- 5 -

support was due to his obligations and debt that he incurred as a result of his own neglect and misconduct. Wife notes that since husband's unemployment, he has withdrawn funds from his retirement and borrowed against his life insurance policy. At trial, she questioned him about his expenditures. Wife argues that some of husband's spending was "frivolous" and should not be considered with respect to his ability to pay spousal support.

The party seeking to modify his support obligation "'must also show that his lack of ability to pay is not due to his own voluntary act or because of his neglect.'" Edwards, 232 Va. at 112-13, 348 S.E.2d at 261 (quoting Hammers, 216 Va. at 31-32, 216 S.E.2d at 21); see also Antonelli, 242 Va. at 154, 409 S.E.2d at 119.

The trial court found that husband's spending was "reasonable." He has incurred substantial debt since he lost his job in February 2012. Contrary to wife's arguments, there is nothing in the record to suggest that husband's financial obligations and debts were a result of his neglect or misconduct.

*Assignment of error 4*

Wife argues that the trial court erred in finding that husband was not voluntarily underemployed because it "misapplied the applicable standard and did not consider the reasonableness of [husband's] efforts to find employment based on all of [his] training and experience." Wife notes that husband restricted his job search "almost exclusively to the Richmond area" and "to only those jobs that are of the specific type that he held before he became unemployed in 2012." Wife contends that "[i]n light of this highly restrictive employment search, it does not appear that the court considered the reasonability of both [husband's] geographic and skills-based restrictions on his employment search." She asserts that the trial court should have determined whether husband's "efforts to find employment, given his experience, ability, and education, were reasonable." She further argues that the "inquiry should

not be restricted to whether a payor-spouse is merely 'actively seeking employment' in an area in which the spouse has particular expertise."

To prove a change in circumstances justifying a reduction in support, the payor "must establish that he is not 'voluntarily unemployed or voluntarily under employed.'" Antonelli, 242 Va. at 154, 409 S.E.2d at 119 (quoting Code § 20-108.1(B)(3)).

"Whether a person is voluntarily unemployed or underemployed is a factual determination." Blackburn v. Michael, 30 Va. App. 95, 102, 515 S.E.2d 780, 784 (1999). "Trial courts . . . must exercise their discretion in determining whether the obligor's actions after being involuntarily terminated constitute voluntary underemployment and whether income should therefore be imputed." Reece v. Reece, 22 Va. App. 368, 376, 470 S.E.2d 148, 152 (1996).

The trial court held that husband was terminated from his job in 2012 because "his division was not profitable."[2] At the May 2013 hearing, husband testified about his job search. He applied for numerous jobs and went on several job interviews. He contacted headhunters and recruiters. He received job listings from several job search websites. He also went to a couple of companies to "pitch" a business idea, and hopefully, create a job for himself, but the companies did not have the capital to fund the project. The trial court noted in its May 2013 letter opinion that there was no evidence that husband "deliberately minimized his income or refused to search for or accept comparable employment following his termination."

At the February 24, 2014 hearing, husband testified about his job search since the May 2013 hearing. He had applied for additional jobs, but to no avail. Husband testified that he had worked in road construction his "whole life." He had "some involvement with land sales in the industrial park development," but was not a licensed realtor. He further explained that he applied for jobs in "real estate related work that did not require a real estate license." He also

---

[2] Wife did not assign error to this finding.

testified that he had management experience and applied to industries that had "operations management type position[s], but they wanted experience in warehousing," which he did not have. He explained that he applied for jobs that matched his qualifications, and not for jobs for which he was not qualified. After hearing all of the evidence, the trial court concluded that husband was not voluntarily unemployed and had been seeking employment. The trial court concluded that "everything has to be looked at in the context of what his training and experience and education is, and, again, not to speculate about whether he's trained for some other position."

Contrary to wife's arguments, the trial court applied the correct standard and did not err in determining that husband was not voluntarily unemployed. Husband's training and experience were limited to road construction. He did not have a college degree. His children and family lived in Richmond. The trial court did not err in finding that his job search was reasonable considering the factors in this case.

*Assignment of error 5*

Wife argues that the trial court erred in finding that there was a material change in circumstances that warranted a termination in spousal support. She asserts husband's financial situation is "temporary" until he finds a job or receives dividends from the family business. Since the situation is temporary, she contends the trial court should not have terminated her support.

"The determination whether a spouse is entitled to [a termination of spousal] support . . . is a matter within the discretion of the [trial] court . . . ." Dukelow v. Dukelow, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986).

"Upon [the] petition of either party the court may increase, decrease, or terminate the amount or duration of any spousal support and maintenance . . . as the circumstances may make

proper." Code § 20-109. "The moving party in a petition for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support." Schoenwetter, 8 Va. App. at 605, 383 S.E.2d at 30 (citation omitted).

As noted above, the trial court held that husband's termination from his employment was a material change of circumstances. Husband incurred substantial debt after the loss of his job. He tried to obtain new employment, but was unsuccessful. Contrary to wife's arguments, there is nothing in the record to suggest that husband's situation is "temporary."

The material change in circumstances "must bear upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay." Hollowell v. Hollowell, 6 Va. App. 417, 419, 369 S.E.2d 451, 452 (1988). Although wife still had the need for support, husband no longer had the ability to pay support. The trial court did not err in finding that the material change of circumstances warranted a termination of his spousal support obligation.

*Attorney's fees and costs*

Wife requested an award of attorney's fees incurred on appeal, and husband requested an award of attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). On consideration of the record before us, we decline to award either party attorney's fees and costs on appeal.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.