COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Petty, AtLee and Senior Judge Clements

DAVID F. LaBRIE

v.      Record No. 1894-14-2

JUDITH A. LaBRIE

MEMORANDUM OPINION*
PER CURIAM
MARCH 31, 2015

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Samuel E. Campbell, Judge

(David E. Noll; Kurt Brickman; Michael A. Perdue; Cravens & Noll
PC, on brief), for appellant.

No brief for appellee.


David F. LaBrie (husband) appeals an order denying his motion to reduce spousal support.

Husband argues that the trial court erred by (1) finding that he did not meet his burden of proving

that there was a material change of circumstances; (2) finding that his inability to pay spousal

support was due to his own voluntary actions; (3) finding that he was voluntarily unemployed;

(4) ordering him to pay the attorney's fees and costs of Judith A. LaBrie (wife); (5) "partly basing

its determination on Edwards v. Lowry, 232 Va. 110 (1986) [sic], which involves the denial of a

father's motion to reduce child support after being suspended and ultimately fired for admitted

occurrences of theft against his employer, and this is not the case regarding [husband] as supported

by the evidence;" and (6) "partly basing its determination on Antonelli v. Antonelli, 242 Va. 152

(1991) [sic], which involves a petitioner seeking child support reduction who voluntarily and

willfully changed from a salaried management position to a commission sales position, and this is

not the case regarding [husband] as supported by the evidence." Upon reviewing the record and

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the opening brief, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

Husband and wife divorced on August 11, 2011. The final decree of divorce ordered husband to pay wife $4,350 per month in spousal support. At the time of the final decree, husband was employed at Altria and earned between $170,000 and $180,000 per year.

Husband experienced chronic pain in his back and neck. In 2007, 2008, and 2011, husband had surgery to try to alleviate his pain.

On February 24, 2012, Altria laid off husband, due to corporate down-sizing. He received a severance package that included his full salary for eighteen months.

Dr. David Geckle, husband's treating physician, determined that husband was completely disabled. Husband applied for social security disability. Pursuant to a letter from the Social Security Administration dated September 24, 2013, husband was entitled to social security disability benefits beginning August 2012.

In March 2013, husband filed a motion to reduce or terminate spousal support. On May 19, 2014, the parties took the deposition of Dr. Geckle, which was submitted to the trial court as an exhibit. On August 8, 2014, the parties presented evidence and argument to the trial court on husband's motion to reduce or terminate spousal support and wife's motion for attorney's fees.[1] On August 14, 2014, the trial court issued a letter opinion. It denied husband's motion to reduce

_____

[1] Wife also filed a show cause motion, but that was purged before the trial on August 8, 2014.

- 2 -

spousal support and found that he had "failed to prove that his inability to pay spousal support is not the result of his own voluntary act." The trial court also awarded wife $21,475.20 for her attorney's fees and costs. The trial court entered an order memorializing its rulings on September 16, 2014. This appeal followed.

## ANALYSIS

*Assignments of error #1, 2, and 3*

Husband argues that the trial court erred in denying his motion to reduce or terminate spousal support. He contends the trial court erred in finding that he did not prove a material change of circumstances, his inability to pay was due to his own voluntary actions, and he was voluntarily unemployed.

A trial court has broad discretion in awarding spousal support, and its ruling will not be overturned unless there is an abuse of discretion. Brooks v. Brooks, 27 Va. App. 314, 317, 498 S.E.2d 461, 463 (1998) (citations omitted).

"Upon petition of either party the court may increase, decrease, or terminate the amount or duration of any spousal support and maintenance that may thereafter accrue, whether previously or hereafter awarded, as the circumstances may make proper." Code § 20-109(A). "The moving party in a petition for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support." Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989) (citation omitted).

"[O]ne of the circumstances that the chancellor must consider is whether the changed circumstances arose from his own voluntary underemployment. . . . A trial court may use its broad discretion in deciding whether a material change in circumstances warrants a modification in the amount of support." Reece v. Reece, 22 Va. App. 368, 373, 470 S.E.2d 148, 151 (1996) (citing Edwards v. Lowry, 232 Va. 110, 112-13, 348 S.E.2d 259, 261 (1986)).

- 3 -

In August 2008, husband had neck surgery, and in May 2011, he had lower back surgery. Husband testified that he continued to have pain after each of his surgeries. By August 2011, when the final decree of divorce was entered, husband was seeing Dr. Geckle for pain in his neck, back, left leg, and left arm. Despite those health complaints, husband agreed to pay wife $4,350 per month in spousal support. At the time of the divorce, his yearly salary was $141,500 plus commissions and bonuses, resulting in yearly earnings between $170,000 and $180,000.

On February 24, 2012, husband was laid off from Altria and received a severance package that included his full salary for eighteen months. After Altria laid him off, he sent out two job applications. Husband also applied for and received social security disability. At the time of the trial, his monthly income consisted of $1,800 from his pension and $2,449 from his social security disability.

Husband presented expert evidence from Dr. Geckle about his medical condition. Dr. Geckle explained that husband suffers from "chronic nerve damage." He has "degenerative issues in . . . both his neck and his lower back," which is called cervical and lumbar spondylosis. He also has chronic radiculopathy from nerve damage and lateral recess stenosis. Dr. Geckle opined that "the residual nerve problems that he [husband] has been left with render him unable to perform gainful work activity." Dr. Geckle testified with a reasonable degree of medical certainty that husband was completely disabled.

Husband also presented expert evidence from Herman Gray Broughton, who is a vocational expert and vocational rehabilitation counselor. Broughton testified that he relied on Dr. Geckle's opinion and husband's statements that husband was totally disabled. Based on that information, Broughton opined that husband was not employable due to his level of pain.

During the trial, wife challenged husband's credibility regarding his pain and ability to work. She presented video evidence of him, on two separate days that were approximately one

month apart, participating in activities that he said he could not participate in due to pain. The video evidence was shown to Dr. Geckle and Broughton. Dr. Geckle explained that the video did not change his opinion because husband can have good days and bad days; however, "[i]f he was doing those things every day, then that would be a concern . . . ." Broughton testified that the video "didn't convince [him] that he [husband] is not totally disabled from work."

The trial court had the opportunity to see and hear the witnesses. Contrary to husband's arguments, the trial court did not have to accept the testimony of Dr. Geckle or Broughton simply because they were experts. "It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (en banc) (citation omitted). "Further, the fact finder is not required to accept the testimony of an expert witness merely because he or she has qualified as an expert." Id. (citation omitted).

Husband also argues that his termination from employment and receipt of social security disability prove a material change of circumstances that negatively impacted his ability to pay spousal support. However, in O'Hara v. O'Hara, 45 Va. App. 788, 797-98, 613 S.E.2d 859, 864 (2005), this Court stated that the Social Security Administration's decision regarding disability was "not dispositive" of whether a trial court properly determined if a party is voluntarily unemployed or underemployed.

Lastly, the evidence proved that husband agreed to the amount of spousal support when he had chronic pain. After he was laid off from Altria, he chose to submit only two job applications. He then chose to file for social security disability. The video evidence contradicted husband's statements regarding his limitations due to his pain. Furthermore, husband testified that he had other assets available to him from which he could meet his support

obligation. Therefore, the trial court did not err in concluding husband was unemployed due to his voluntary acts.

Considering the record in this case, the trial court did not abuse its discretion in denying husband's motion to reduce or terminate his spousal support obligation.

*Assignment of error #4*

Husband argues that the trial court erred in ordering him to pay $21,475.20 for wife's attorney's fees and costs.

"'[A]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion.'" Richardson v. Richardson, 30 Va. App. 341, 351, 516 S.E.2d 726, 731 (1999) (quoting Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987)). "[T]he key to a proper award of counsel fees [is] reasonableness under all of the circumstances revealed by the record." McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

At the conclusion of the hearing, wife asked to submit her attorney's fee affidavit to the court. She did not testify about the fees she incurred. Her attorney's fee affidavit is not included in the appendix.

> The appendix must include "any testimony and other incidents of the case germane to the questions presented," Rule 5A:25(c)(3), and "exhibits necessary for an understanding of the case that can reasonably be reproduced," Rule 5A:25(c)(6). "The appendix is a tool vital to the function of the appellate process in Virginia. . . . By requiring the inclusion of all parts of the record germane to the issues, the Rules promote the cause of plenary justice." Thrasher v. Burlage, 219 Va. 1007, 1009-10, 254 S.E.2d 64, 66 (1979) (per curiam). Thus, the filing of an appendix that complies with the Rules, is "essential to an informed collegiate decision." Id.

Patterson v. City of Richmond, 39 Va. App. 706, 717, 576 S.E.2d 759, 764-65 (2003).

Since the appendix filed in this case does not contain a part of the record that is essential to the resolution of the issue regarding the attorney's fee award, the Court affirms the judgment of the trial court.

*Assignments of error #5 and 6*

Husband argues that the trial court erred in relying on the rulings in Edwards, 232 Va. 110, 348 S.E.2d 259, and Antonelli v. Antonelli, 242 Va. 152, 409 S.E.2d 117 (1991).

In its letter opinion, the trial court stated, in part: "The supporting spouse must show that 'his lack of ability to pay is not due to his own voluntary act'" and cited Edwards, 232 Va. at 112-13, 348 S.E.2d at 261. Then, the court stated, "the supporting [sic] spouse is not 'voluntarily unemployed or voluntarily under employed'" and cited Antonelli, 242 Va. at 154, 409 S.E.2d at 119.

Husband contends the rulings from these cases do not apply to his situation because his employment was terminated through no fault of his own. In Edwards, the payor spouse was terminated from his job, and in Antonelli, the payor spouse changed jobs. Despite these differences in how their employment changed, husband and the payor spouses in Edwards and Antonelli all experienced a material change of circumstances due to a change in their employment and sought a modification of their support obligations.

Husband argues that the trial court should have followed the Court's analysis in Driscoll v. Hunter, 59 Va. App. 22, 33, 716 S.E.2d 477, 482 (2011), when the Court looked at the payor spouse's ability to pay after determining that there was a material change of circumstances. In Driscoll, the Court stated:

> The crucial question, once a material change in circumstances has been shown, is the "ability of the supporting spouse to pay." . . . The fact that the payor husband may have to draw from other sources, such as the principal of investment or savings accounts, in order to make his spousal support payment does not by itself

- 7 -

require the trial court to suspend or reduce his spousal support
obligation.

Id. at 33-34, 716 S.E.2d at 482 (quoting Moreno v. Moreno, 24 Va. App. 190, 195, 480 S.E.2d 792, 795 (1997)).

Contrary to husband's arguments, the trial court engaged in this analysis during the trial. When asked by the trial court, husband admitted that he had not accounted for all of the money that he has available to him. The trial court stated, "If there's money available and it's not exhausted, he still has the ability to pay."

The trial court did not err in considering the rulings in Edwards and Antonelli. As stated above, it did not abuse its discretion in denying husband's motion to reduce or terminate spousal support.

## CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.