■ In the Matter of ANDRZEJ CIOSTEK, Respondent, v MIROSLAWA CIOSTEK, Appellant.—Order unanimously reversed on the law without costs and petition dismissed. Memorandum: The parties' judgment of divorce, which was entered on June 6, 1990, directed petitioner Andrzej Ciostek to pay $75 per week for the support of his three children. In October 1990, respondent obtained an order directing her former husband to pay $750 in child support arrears. A few weeks later, she filed another petition for support arrears. During the pendency of that proceeding, petitioner filed a petition for a downward modification of child support upon the ground that he was not employed full-time and was attending school to become an airplane technician. The Family Court Hearing Examiner granted his petition for modification and directed him to pay $25 per week for the support of the children.

Family Court erred in granting the petition as petitioner failed to demonstrate a substantial change of circumstances sufficient to warrant a downward modification of child support. At the time of the divorce, he was earning $200 per week. Petitioner testified that, since the divorce, he was terminated from two jobs; that he decided to relocate from the Buffalo area to Utica, N.Y. to pursue a one-year full-time program of training to become an airplane technician; and that while attending school, he was employed part-time and earning $60 per week. He did not submit the required affidavit of his financial circumstances (see, 22 NYCRR 205.34, 205.35 [c]), and no evidence was presented at the hearing regarding his employment skills or his earning capacity at the time he decided to attend school.

A parent responsible for the support of children may, where necessary, forego employment and pursue further education that will enhance his earning capacity and thereby ultimately benefit the children (Matter of Robesena W. v George B. D., 145 AD2d 426). A parent may not, however, unilaterally forego employment in an attempt to evade support responsibilities (Ferlo v Ferlo, 152 AD2d 980). Petitioner failed to present evidence that would enable the court to assess the necessity or bona fides of his decision to pursue further education. His conclusory statement that he "expected" to earn two or three times his previous earnings upon graduation was insufficient to prove that this training program ultimately would benefit the children. (Appeal from Order of Erie County Family Court, Manz, J.—Child Support.) Present—Callahan, J. P., Boomer, Balio, Fallon and Doerr, JJ.