## Richmond
### DANA RANDOLPH HAMEL
### v.
### MEE KAY HAN HAMEL
### No. 0669-93-2
### Decided March 8, 1994

COUNSEL

Joseph E. Blackburn, Jr. (White, Blackburn & Conte, P.C., on brief), for appellant.

No brief or argument for appellee.

OPINION

**ELDER, J.**—Dana Randolph Hamel, hereinafter husband, appeals the trial court's refusal to direct wife to pay child support. He argues that the court erred in refusing to impute income to wife despite uncontradicted evidence that she was voluntarily unemployed. For the reasons that follow, we reverse the ruling and remand the case to the trial court for further proceedings consistent with this opinion.

On January 17, 1992, the parties executed a property settlement agreement titled "Agreement and Stipulation." In paragraph 3.1 of that document, they agreed that husband would have custody of the couple's two children, that husband would "not seek any child support at this time from Wife," and that he would "indemnify and hold Wife harmless as to any child support." The parties were divorced by order of October 21, 1992, and husband received custody of the couple's two minor children. The final decree recognized the property settlement agreement of January 17, 1992, and ordered that it be "filed with the papers in this cause," but it did not incorporate the agreement into the final decree, and it made no provision for child support.[1]

On December 21, 1992, wife was served with notice of husband's intent to ask the court, on February 24, 1993, to award

---

[1] We do not address what, if any, contractual rights wife might have under the hold harmless clause of the filed, but unincorporated agreement. *See Fry v. Schwarting*, 4 Va. App. 173, 178, 355 S.E.2d 342, 345 (1987).

him child support pursuant to Code § 20-108.2. The uncontradicted evidence adduced at that hearing (submitted via written statement of facts pursuant to Rule 5A:8) showed that husband earned $80,000 per year. Although wife had earned $20,000 during 1992 in her job as a hotel office manager, "[s]he admitted voluntarily quitting [that] job." She testified that she had earned $17,000 in a similar position during 1991. At the time of the February 24 hearing, she was unemployed and living with her fiance. Based on this evidence, husband asked the court to impute income to wife.

By order entered March 18, 1993, the court denied husband's motion, "finding that the defendant is unemployed and therefore not able to pay child support at this time." The record does not reveal precisely when wife quit her job or whether comparable employment was available to her at the time of the February 24 hearing.

 Code §§ 20-108.1 and 108.2 set forth the procedure for calculating child support.

> These sections provide for the calculation of a "presumptive" amount of child support as a percentage of the parents' combined gross monthly incomes. Code § 20-108.2 establishes a rebuttable presumption that this percentage is appropriate under the circumstances, and a trial judge who wishes to deviate from the presumptive amount must make findings of fact to justify the deviation.

*Barnhill v. Brooks*, 15 Va. App. 696, 699-700, 427 S.E.2d 209, 212 (1993). One of the grounds for deviation from the presumptive amount is the voluntary unemployment or underemployment of either parent. Code § 20-108.1(B)(3). That code section does not expressly require the court to impute income to a parent found to be voluntarily unemployed, but such a reading is implicit both in the text of the statute itself and in this Court's prior opinions interpreting that text. *See, e.g., Brody v. Brody*, 16 Va. App. 647, 650, 432 S.E.2d 20, 21 (1993). Code § 20-108.1(B) mandates that "the court shall consider all evidence presented relevant to any issue joined in that proceeding" and that its "decision shall be rendered upon the evidence relevant to each individual case." Clearly, "[i]n setting an award of child support, the 'primary issue before a trial judge is the welfare and best interest of the child,

not the convenience or personal preference of a parent.' " *Brody*, 16 Va. App. at 651, 432 S.E.2d at 22 (quoting *Hur v. Department of Social Servs.*, 13 Va. App. 54, 60, 409 S.E.2d 454, 458 (1991)). Based on this principle, case law holds that the risk of reduction in income as a result of a parent's intentional act, even if done in good faith, is insufficient grounds for reducing the amount of support due under a pre-existing order. *Antonelli v. Antonelli*, 242 Va. 152, 155-56, 409 S.E.2d 117, 119-20 (1991).

■ Although most income imputation cases have involved a pre-existing support award or agreement between the parties, *see, e.g., id.* at 153, 409 S.E.2d at 118; *Barnhill*, 15 Va. App. at 698-99, 427 S.E.2d at 211-12, or some degree of physical custody in which the provision of support was inherent, *see, e.g., Brody*, 16 Va. App. at 649, 432 S.E.2d at 21, neither is a precondition for the imputation of income. Natural parents have a continuing duty to support their offspring, regardless of whether an agreement or court order expressly so requires. *See, e.g., Buchanan v. Buchanan*, 170 Va. 458, 471-72, 197 S.E. 426, 432 (1938). In *Cochran v. Cochran*, 14 Va. App. 827, 419 S.E.2d 419 (1992), for example, this Court remanded the case to the trial court for a determination of whether the father, who had held two jobs for several years but quit one on the eve of the initial support hearing, was voluntarily underemployed. *Id.* at 829-31, 419 S.E.2d at 420-21. Implicit in this ruling was that the trial court could impute income to the father despite the fact that he did not have custody and that no payment of child support had previously been ordered by the court or agreed to by the parties.

The record in this case showed that wife voluntarily quit her job and had no income at the time of the hearing. Although wife presented no evidence that her continued unemployment was involuntary, the trial court refused to impute any income to her. This was error.

For the aforementioned reasons, we reverse and remand this case to the trial court for further proceedings consistent with this opinion.

*Reversed and remanded.*

Moon, C.J., and Koontz, J., concurred.