COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Annunziata and Senior Judge Duff
Argued at Richmond, Virginia


COMMONWEALTH OF VIRGINIA,
 DEPARTMENT OF SOCIAL SERVICES,
 DIVISION OF CHILD SUPPORT ENFORCEMENT,
 ex rel., DARLENE BOWYER
                                    MEMORANDUM OPINION[*] BY
v.         Record No. 0071-96-4    JUDGE ROSEMARIE ANNUNZIATA
                                        APRIL 8, 1997
DALE ROBERT BOWYER


            FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                  Benjamin N. A. Kendrick, Judge

          William K. Wetzonis, Special Counsel (Nancy J.
          Crawford, Regional Special Counsel; Anne Wren
          Garrett, Special Counsel; James S. Gilmore, III,
          Attorney General; William H. Hurd, Deputy Attorney
          General; Robert B. Cousins, Jr., Senior Assistant
          Attorney General; Craig M. Burshem, Regional
          Special Counsel, on briefs), for appellant.

          (Patricia L. Ruble, on brief), for appellee.


     Darlene Bowyer and the Virginia Department of Social

Services (collectively referred to as mother) appeal the trial

court's order granting Dale Bowyer (father) a temporary abatement

of his child support obligation.  Mother contends that father

bore the risk of success in his change from salaried employment

to self-employment and that his resulting lack of income is an

insufficient ground to reduce his support obligation.  For the

reasons that follow, we affirm the decision of the trial court.

---

      [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

## I.

A final decree of divorce entered in December 1994 required father to pay $1,200 per month to support the parties' minor child. In September 1995 father resigned from his employment of seventeen years at Arlington Heating and Air Conditioning. Father testified he resigned because of medical problems, which the court found to be "life-threatening." Specifically, father cited migraine headaches, high blood pressure and the stress of the commute from his home in Hume, Virginia to job sites in Northern Virginia, Maryland and the District of Columbia. He further testified that his former employer "was going more toward" installation projects that he could not perform due to back and neck problems.

In October 1995, father petitioned the court for a temporary termination or reduction in child support. He had recently started his own heating and air conditioning company and, at the time of the hearing, had earned no income from his business. Mother testified that father had earned an annual salary of $50,000 at Arlington Heating and Air Conditioning. Without calculating the presumptive guideline amount based on the financial information before it, the court granted father a four-month abatement of child support "due to [his] medical problems."

## II.

The trial court's decision not to impute income to father

will be upheld on appeal unless it is "plainly wrong or unsupported by the evidence." Bennett v. DCSE ex rel. Bennett, 22 Va. App. 684, 691-92, 472 S.E.2d 668, 672 (1996).

> "'Under familiar principles we view [the] evidence and all reasonable inferences in the light most favorable to the prevailing party below. Where, as here, the court hears the evidence ore tenus, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it.'" It is well established that the credibility of witnesses and the weight accorded to their testimony are matters solely within the purview of the trial court, and its findings will be reversed on appeal only if "plainly wrong or without evidence to support them."

Brooks v. Rogers, 18 Va. App. 585, 587, 445 S.E.2d 725, 726 (1994) (citations omitted).

Mother first complains that the trial court erred in failing to calculate the presumptive guideline amount of support based on the parties' income at the time of the hearing. Indeed, the general rule is well settled: once the court finds a material change in circumstances, "[t]he starting point . . . for determining the child support obligation of a party . . . is to compute the presumptive amount [under the guidelines]." Watkinson v. Henley, 13 Va. App. 151, 158, 409 S.E.2d 470, 473 (1991) (emphasis added).

In the present case, however, there was no determination of child support to be made. Father sought and received a total abatement of support for four months. Nonetheless, even assuming, without deciding, that the court was obligated to

compute the presumptive amount of support before determining whether to abate father's obligation, we find any error of the trial court in failing to do so to be harmless under the facts of this case. Here, the evidence was undisputed that father's current income was zero. Had the court applied the guidelines, the presumptive amount of support owed by father would have been zero as well. See Code § 20-108.2(G)(1).

Mother next complains that the trial court erred in refusing to impute income to father.[1] She argues that father bore the risk of success in voluntarily deciding to change from salaried employment to self-employment and that his resulting lack of income is an insufficient ground to reduce his support obligation.

"[A] party seeking a change in court-ordered child support has the burden to prove by a preponderance of the evidence a material change in circumstances justifying modification of the support requirement." Antonelli v. Antonelli, 242 Va. 152, 154, 409 S.E.2d 117, 119 (1991). That party "must . . . show that his lack of ability to pay is not due to his own voluntary act or because of his neglect." DCSE ex rel. Ewing v. Ewing, 22 Va. App. 466, 470, 470 S.E.2d 608, 610 (1996) (citations omitted). "Thus, in order to prove a material change in circumstances that

_____

    [1] Mother does not dispute that father established a material change in circumstances warranting a review of the support order. She contends the trial court should have deviated from the presumptive amount of support by imputing income to father.

justifies a reduction in support, a parent must establish that he is not voluntarily unemployed or voluntarily under employed." Id. (citations omitted). In Antonelli, the Supreme Court held that when the obligor parent "chose to pursue other employment, albeit a bona fide and reasonable business undertaking," he bore the risk of his success at his new job, not the children. 242 Va. at 156, 409 S.E.2d at 119-20. "Thus, `the risk of reduction in income as a result of a parent's intentional act, even if done in good faith, is insufficient grounds for reducing the amount of support due under a pre-existing order.'" Ewing, 22 Va. App. at 471, 470 S.E.2d at 610 (quoting Hamel v. Hamel, 18 Va. App. 10, 13, 441 S.E.2d 221, 222 (1994)).

Unlike the imputation of income cases upon which mother relies, the court in the present case found that father's decision to resign from his salaried position was not the result of a voluntary choice, but rather was the result of "life-threatening" medical problems. Mother does not contend that leaving a job due to "life-threatening" medical problems is a voluntary choice. Instead, she argues that the court erred in basing its finding on father's "unsubstantiated" medical complaints. However, mother cites no authority to support the proposition that the court's reliance on father's testimony alone was insufficient to support its finding. Indeed, father made a prima facie case that went unrebutted.

Finally, mother argues that father should have taken another

salaried job rather than becoming self-employed.  However, mother bore the burden to produce evidence sufficient to "enable the trial judge reasonably to project what amount could be anticipated" had father procured other employment.  <u>Bennett</u>, 22 Va. App. at 693, 472 S.E.2d at 672-73 (citations omitted). Mother introduced no evidence concerning father's earnings at his new business; she did not present evidence to demonstrate that father was negligent in failing to profit from his new business or that he ignored other available and suitable employment opportunities.

In light of the evidence that father was involuntarily underemployed, earning no income, the court's refusal to impute income was not erroneous.

The decision of the trial court is accordingly affirmed.

<u>Affirmed.</u>