COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Willis and Elder
Argued at Alexandria, Virginia


DEBORAH C. THOMAS
                                    MEMORANDUM OPINION* BY
v.        Record No. 2421-97-4      JUDGE JERE M. H. WILLIS, JR.
                                        APRIL 28, 1998
JOHN R. THOMAS

        FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                    Frank A. Hoss, Jr., Judge

        Sandra L. Havrilak (Hicks & Havrilak, P.C.,
        on brief), for appellant.

        Ann B. Vance (Carr & Vance, P.C., on brief),
        for appellee.


        This appeal arises from an order resolving child custody

issues raised by Deborah C. Thomas (the mother) and John R.

Thomas (the father).  The mother contends that the trial court

erred in awarding the parties joint custody of their children,

and in refusing to enter an order restraining the father from

consuming alcohol while he cares for the children.  We affirm the

judgment of the trial court.

        The parties were married on June 6, 1981, and separated in

1994.  They have two minor children.

        On February 12, 1997, the father filed a bill for divorce.

On March 4, 1997, the mother filed a cross-bill, also seeking a

divorce.  On August 5, 1997, the trial court conducted an ore

tenus hearing on custody, visitation and other matters concerning

_____
        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the parties' children.

Both parties acknowledged their inability to communicate well during the marriage.  The mother testified that they engaged in shoving, hitting, pushing and yelling.  She testified that in October of 1996, she initiated a physical altercation with the father and slapped him as hard as she could.  The father retaliated and hit her in the jaw.  Both parties admitted that this conduct was inappropriate and testified that there has been no recurrence.

The father admitted that he consumed alcohol "a little bit more than [he] should have" prior to the parties' separation and that he had smoked marijuana frequently.  In 1993, he was convicted of public drunkenness.  In 1991, he was charged with driving while intoxicated and was convicted of reckless driving.  He admitted that a previous employer had confronted him concerning his use of alcohol.  However, he testified that he consumes alcohol now only in moderation and that he stopped smoking marijuana in October, 1996.

The trial court awarded the parties joint legal custody of the children.  It denied the mother's request to restrain the father from consuming alcohol while the children were in his care.

### I.

The mother contends that the trial court erred in awarding joint legal custody of the children.
In matters of a child's welfare, trial courts

are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests. A trial court's determination of matters within its discretion is reversible on appeal only for an abuse of that discretion, and a trial court's decision will not be set aside unless plainly wrong or without evidence to support it.

Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990) (citations omitted). See Code § 20-124.2(B) ("In determining custody, the court shall give primary consideration to the best interests of the child.").

### A.

The mother argues that the trial court failed to give proper consideration to the parties' inability to communicate and cooperate. In determining the best interests of the children for purposes of custody, the trial court must consider "the ability of each parent to cooperate in matters affecting the child." Code § 20-124.3(6).

In Commonwealth, Dep't of Soc. Servs. v. Ewing, 22 Va. App. 466, 470 S.E.2d 608 (1996), we affirmed the trial court's denial of the father's request for joint custody, based upon the parties' lack of communication concerning the child. The evidence included testimony that the parties had resorted to the use of a neutral third party to facilitate the delivery of the child for the father's visitation and that communication between the parties during delivery was nonexistent. Id. at 473, 470 S.E.2d at 612.

The evidence in this case established that the father has maintained regular visitation with the children since October, 1996. The visitation schedule included visits by the father at the mother's residence every Thursday. Despite the lack of amicable relations between the parties, they were able to communicate on matters concerning the children's education, discipline, holidays and health.

Cooperation and communication by the parents in matters affecting the children are vital to securing the children's best interests. The trial court acknowledged the importance of communication and cooperation and expressed its belief that the parties would be able to communicate and cooperate. It urged them to do so. Under the circumstances, the trial court's determination that joint legal custody was in the best interests of the children was not plainly wrong and was supported by the evidence.

B.

The mother argues that the trial court failed to give proper consideration to the parties' "history of family abuse"[1] in determining custody. See Code § 20-124.3(8). Because it jeopardizes the best interests of the children, physical hostility between the parents may preclude an award of joint

---

[1] "Family abuse" is defined as "any act of violence . . . which results in physical injury or places one in reasonable apprehension of serious bodily injury and which is committed by a person against such person's family or household member." Code § 16.1-228.

custody.  See id.  In In re Marriage of Brainard, 523 N.W.2d 611

(Iowa Ct. App. 1994), the Court of Appeals of Iowa noted that:
> Children raised in homes touched by domestic
> abuse are often left with deep scars,
> revealed in the form of increased anxiety,
> insecurity and a greater likelihood for later
> problems in interpersonal relationships.  The
> evidence also revealed that children who
> stand as observers to domestic abuse may
> develop a low self-esteem and achieve less
> academic success.  Moreover, domestic abuse
> places children at a greater risk of being
> physically abused.

Id. at 615.

The trial court heard and observed the parties' testimony

concerning their physical conflicts.  It heard their testimony

that they regretted this inappropriate behavior and that they had

not engaged in such conduct since October, 1996.  The trial court

considered the statutory factors and determined that joint

custody was in the children's best interests.  We find no abuse

of discretion.

## II.

The mother contends that the trial court erred in denying an

order restraining the father from consuming alcohol while he was

caring for the children.
> Under familiar principles we view [the]
> evidence in the light most favorable to the
> prevailing party below.  Where, as here, the
> court hears the evidence ore tenus, its
> finding is entitled to great weight and will
> not be disturbed on appeal unless plainly
> wrong or without evidence to support it.

Martin v. Pittsylvania County Dep't of Soc. Servs., 3 Va. App.

15, 20, 348 S.E.2d 13, 16 (1986) (citation omitted).

Abuse of alcohol by a parent may pose serious concerns warranting action by the trial court to protect the best interests of the children.  See Code § 20-124.3(2), (9) (considering the physical and mental condition of each parent in determining custody and visitation arrangements); Code § 20-124.2 ("[t]he court shall have the continuing authority and jurisdiction to make any additional orders necessary to effectuate and enforce" its custody and visitation orders).

The trial court heard the parties' testimony concerning the father's consumption of alcohol, and found "no necessity" to enter an order restraining the father's consumption of alcohol. The record supports this finding.

Affirmed.