COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Senior Judge Cole
Argued at Richmond, Virginia


RICHARD N. SMULL

MEMORANDUM OPINION[*] BY

v.    Record No. 1308-98-4          JUDGE JERE M. H. WILLIS, JR.
                                        JULY 20, 1999
KAREN W. SMULL


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
M. Langhorne Keith, Judge

David L. Duff (David L. Duff, P.C., on
brief), for appellant.

Stefan C. Long (Stefan C. Long, P.C., on
brief), for appellee.


On appeal from the denial of his motion to reduce his

spousal support obligation, Richard N. Smull contends that the

trial court erred (1) in requiring him to prove that no jobs

were available in his career field, and (2) in awarding to Karen

W. Smull all of her costs and attorney's fees.  We affirm the

judgment of the trial court.

I.  MOTION FOR SPOUSAL SUPPORT REDUCTION

Richard and Karen Smull were divorced on March 7, 1988.  On

March 12, 1998, Richard moved for a reduction in his spousal

support obligation, asserting that he had experienced a material

change in circumstances warranting a reduction in the support

*Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

required by the divorce decree.  The trial court denied the reduction and denied Richard's motion for reconsideration.

A party seeking to modify spousal support is "required to prove both a material change in circumstances and that this change warrants a modification of support."  Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989).

> As we further noted in Hammers [v. Hammers, 216 Va. 30, 216 S.E.2d 20 (1975)], a party seeking a reduction in support payments has additional burdens:  "[H]e must make a full and clear disclosure relating to his ability to pay.  He must also show that his lack of ability to pay is not due to his own voluntary act or because of his neglect."

Edwards v. Lowery, 232 Va. 110, 112-13, 348 S.E.2d 259, 260 (1986) (citation omitted).

"When a trial court hears evidence ore tenus, its findings are entitled to the same weight of a jury verdict, and will not be disturbed on appeal unless plainly wrong or without evidence to support them."  Floyd v. Floyd, 1 Va. App. 42, 45, 333 S.E.2d 364, 366 (1985).

After retiring from the Air Force just before the divorce, Richard found employment at Systems Planning Corporation ("SPC"), where his primary duty was to act as a liaison to the Taiwan Economic Relations Office.  After a downturn in the Asian economy, the Taiwanese Office modified its contract with SPC from a retainer to an "as needed" basis.  As a result, Richard's

hours at SPC, and his income from that organization, were greatly reduced.

Around the same time, Richard began working as a wine wholesaler in a business managed by his current wife. When his hours at SPC were reduced, he began spending more time at the wholesale wine venture, which produced much less income. The trial court found that Richard had made no effort to secure employment other than by SPC in his professional field and that his decision to devote his time to the lower paying wine wholesaling enterprise was voluntary. Thus, his reduction in income did not require a corresponding reduction in his spousal support obligation. See Dept. of Social Services v. Ewing, 22 Va. App. 466, 470-73, 470 S.E.2d 608, 610-13 (1996).

Richard argues that the trial court erroneously required him to prove that no jobs were available within his professional field. The record does not support this contention. At the hearing, Richard produced no evidence that he had sought work in his field. He produced only the testimony of his supervisor at SPC, who stated that no more work was available for Richard at that firm. Richard made no attempt to find work in his professional field beyond a single employer, SPC. The trial court did not err in requiring proof of a greater effort.

## II. COSTS AND FEES

An award of attorney's fees and costs is a matter submitted to the sound discretion of the trial court and will be overruled

-

on appeal only for an abuse of discretion. See <u>Graves v. Graves</u>, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). "We have said that 'the key to a proper award of counsel fees . . . [is] reasonableness under all of the circumstances revealed by the record.'" <u>Westbrook v. Westbrook</u>, 5 Va. App. 446, 458, 364 S.E.2d 523, 530 (1988).

Richard initiated these proceedings by his motion to reduce spousal support. The trial court denied that motion. The trial court took into account the relative financial circumstances of the parties and determined that Richard should pay Karen's fees and costs. Sufficient evidence in the record supports this decision.

The judgment of the trial court is affirmed.

<u>Affirmed.</u>

-