## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Faith M. Poynter

v.

Julian R. Ransom

September 23, 1999

Case No. CH96-137

BY JUDGE WILLIAM H. LEDBETTER, JR.

The single disputed issue in this divorce case is whether the commissioner in chancery erroneously imputed income to the respondent in determining child support.

### Background

The parties were married in 1991 and separated in September of 1995. One child, Christine, age six, was born of the marriage.

The parties have been litigating various issues in the juvenile court and in this court since their separation. Mrs. Poynter commenced this divorce litigation in March of 1996; Mr. Ransom filed a cross-bill. Both pleadings alleged fault grounds for divorce.

After several *pendente lite* hearings and separate proceedings in juvenile court, the case was referred to a commissioner. The commissioner conducted evidentiary hearings on November 5, 1997, November 26, 1997, and December 4, 1998. Thereafter, he filed a 46-page report.

Mr. Ransom filed one exception to the commissioner's report, namely, the imputation of income in connection with child support. Mrs. Poynter filed no exceptions.

Based on an independent review of the record, the court is of the opinion that the commissioner's report should be approved and confirmed with respect

to all findings and recommendations to which no exception has been taken. Mr. Ransom's exception is addressed in this opinion.

*Imputation of Income*

For nine years, Mr. Ransom worked as a corrections officer at the Prince William County Adult Detention Center. His annual gross income was $38,000.00. One week before the first commissioner's hearing, he left that employment. He worked at Peebles's Department Store earning $812.00 per month and later at J. C. Penney for approximately $815.00 per month. In 1998, he moved to New York and now works as a counselor at McCormick Residential Center, a juvenile correctional facility, earning approximately $30,000.00 per year.

The circumstances surrounding Mr. Ransom's departure from Prince William are disputed.

In his testimony on November 5, 1997, he said that he was "terminated" because he gave a gift to an inmate. He testified that he knew of the policy against bringing "gifts from the outside" and giving them to inmates, but he "didn't see any harm" in giving an inmate a Bible, which is what he did in this instance. Later in his testimony, Mr. Ransom said that he resigned in lieu of being terminated: "Basically they said if you don't quit, we're going to terminate you."

On November 26, 1997, Mary Griffin testified on behalf of Mr. Ransom. She was a co-worker at Prince William. She said that no one had ever been fired for giving a gift to an inmate; that giving a Bible to an inmate would not be a reason for termination; and that she had never heard that Mr. Ransom was terminated for giving a Bible to an inmate. Rather, she testified, Mr. Ransom was terminated for showing "too much favoritism to one inmate."

In determining child support, the court is guided by the rebuttable presumption that the amount of support set forth in the statutory guidelines in Virginia Code § 20-108.2 is the correct amount of child support to be awarded. Rebuttal of the presumption necessitates a finding that relevant evidence pertaining to eighteen enumerated factors in § 20-108.1 establishes that application of the guidelines would be unjust or inappropriate. One of the statutory factors to consider is "imputed income to a party who is voluntarily unemployed or voluntarily underemployed … ."

In this case, the commissioner imputed income to Mr. Ransom in an amount equal to his monthly gross wages as a corrections officer, implicitly concluding that he was voluntarily underemployed.

A person is voluntarily underemployed if he is terminated from a higher paying position because of wrongdoing or if he is discharged due to his own fault. A person is also voluntarily underemployed if, at least under certain circumstances, he quits his employment in pursuit of another undertaking which diminishes his income. See, e.g., *Antonelli v. Antonelli*, 242 Va. 152 (1991); *Hamel v. Hamel*, 18 Va. App. 10 (1994); *Bennett v. Bennett*, 22 Va. App. 684 (1996); *Layman v. Layman*, 25 Va. App. 365 (1997).

A commissioner's findings of fact are entitled to great respect. While a commissioner's report is not entitled to the weight given to the verdict of a jury, § 8.01-610, it should not be disturbed when the evidence was taken in his presence unless its conclusions are clearly unsupported by the evidence or principles of law are not correctly applied. *Eppes v. Eppes*, 181 Va. 970 (1943); *Higgins v. Higgins*, 205 Va. 324 (1964); *Morris v. United Va. Bank*, 237 Va. 331 (1989).

Here, the commissioner had the distinct advantage of observing the witnesses as they testified so that he could weigh their credibility. The record supports the commissioner's conclusion on this issue and cannot be disturbed.

After imputing income to Mr. Ransom based on his salary as a corrections officer, the commissioner computed his child support obligation based on the statutory guidelines. No exception was taken to the calculations, and they appear to be correct.

Therefore, the commissioner's recommendation that the court award child support in the amount of $472.56 per month will be confirmed.

Mr. Ransom's exception will be overruled, and the commissioner's report will be approved and confirmed in its entirety.