COURT OF APPEALS OF VIRGINIA


Present:    Judges Humphreys, Beales and Senior Judge Fitzpatrick


SHERRIE MAYO

MEMORANDUM OPINION[*]

v.        Record No. 1337-07-4                              PER CURIAM
                                                           APRIL 1, 2008
GREGORY MAYO AND
  THE BARNES LAW FIRM


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Herman A. Whisenant, Jr., Judge Designate

(Michael J. Brickhill; Roger B. Stough; David P. Mitchel; Michael J.
Brickhill, P.C., on brief), for appellant.

(Brian M. Hirsch; Hirsch & Ehlenberger, P.C., on brief), for appellee
Gregory Mayo.

(Edward D. Barnes; Barnes & Diehl, P.C., on brief), for appellee
The Barnes Law Firm.


        Sherrie Mayo (mother) appeals a decision of the trial court regarding several issues related

to child custody, visitation, and child support.  She also appeals an order of the trial court granting

enforcement of an attorney's lien.  Upon reviewing the record and briefs, we conclude that this

appeal is without merit.  For the reasons stated below, we summarily affirm the appeal in part, see

Rule 5A:27, we transfer the appeal in part, and we remand this case to the trial court for further

proceedings consistent with this opinion.

Background

        The parties, who had two children, were granted a divorce by final order entered on October

28, 2005.  The final order granted the parties joint legal custody of the minor children, with Gregory

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Mayo, father, having primary physical custody and mother having visitation. However, before the final divorce decree was entered, issues related to visitation arose between the parties. Father filed a motion for clarification regarding the mid-week overnight visitation provision. In response to this motion, the final decree contained a provision suspending mother's visitation until father's motion for clarification was heard. In addition, the final decree ordered mother to pay monthly child support to father.

Father later filed a motion for modification of custody. Mother filed numerous motions, including a motion to amend custody and restore visitation, a rule to show cause, and a motion to reduce and reverse child support. Mother's prior attorney filed a petition to enforce an attorney's charging lien.

The trial court heard the outstanding motions on April 12, 2007. Also on April 12, 2007, the trial court entered an order addressing the attorney's lien matter. On May 4, 2007, the trial court entered an order addressing the other outstanding motions.

<u>Analysis</u>

## I. <u>Custody, Visitation, and Support</u>

As her first question presented, mother contends the trial court erred by refusing to admit evidence she proffered concerning father's alleged violation of the trial court's "verbal directive" regarding the establishment of an agreed visitation schedule. However, under this heading in her opening brief, mother argues that the trial court erred by denying her request for a rule to show cause for husband's refusal to comply with a "verbal directive" of the court. Mother's argument does not address an evidentiary issue as raised in her question presented.

The record shows that, during the time period in which mother's visitation with the children was suspended, the parties had a telephone conference with the trial court. In this teleconference, the trial court orally "encouraged" the parties "to try to work out visitation" for the welfare of the

children.  The trial court did not orally "order" the parties to form an agreement, and it did not enter an order memorializing the teleconference.  Subsequently, mother asked the trial court to issue a rule to show cause for father's "refusal" to "work out" visitation.  The trial court ruled that it could issue a rule for show cause only concerning a violation of a court order.

"'It is the firmly established law of this Commonwealth that a trial court speaks only through its written orders.'"  Walton v. Commonwealth, 256 Va. 85, 94, 501 S.E.2d 134, 140 (1998) (quoting Davis v. Mullins, 251 Va. 141, 148, 466 S.E.2d 90, 94 (1996)).  The record contains no trial court order directing the parties to "work out visitation."  Therefore, where no order was violated, the trial court did not err by refusing to issue a rule to show cause.

Mother next contends the trial court erred by refusing to admit evidence of the teleconference and by not applying the best interests of the children standard when considering the issues of custody and visitation.  Concerning the evidentiary issue, mother specifically asserts, "[Father]'s refusal to work out a visitation agreement with [mother] after being verbally ordered to do so by the judge clearly is relevant to the best interests of the children, and should have been admissible in determining [mother]'s motion to amend custody and visitation."  However, the record shows mother testified that, in her view, father had refused to cooperate with her attempts to establish a visitation schedule.  Thus, the trial court admitted evidence of father's alleged refusal to cooperate with mother concerning a visitation agreement.  Therefore, mother's argument is without merit.

In determining whether to modify custody, the trial court must find that modification of custody and visitation are in the best interests of the child.  Bostick v. Bostick-Bennett, 23 Va. App. 527, 535, 478 S.E.2d 319, 323 (1996).  Furthermore, "[a] trial court is presumed to have thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests."  Farley v. Farley, 9 Va. App. 326, 329, 387 S.E.2d 794, 796 (1990).

When announcing its ruling from the bench, the trial court stated more than once that it considered the best interests of the children. At one point, the trial court stated, "I think it is in the children's best interest and welfare that one parent have sole custody, which is [father], and that [mother] will have reasonable visitation in this matter." Accordingly, mother's argument is without merit.

Mother argues the trial court erred by refusing to admit her evidence addressing the change in her employment and her income related to her motion to reduce her child support obligation. However, contrary to mother's assertion, the record shows the trial court asked mother on several occasions whether she had evidence to present concerning her motion to reduce child support. Mother testified she had left the job she had in Chicago when the child support award in the final divorce decree was first calculated by the trial court. Mother's annual income from the Chicago job was about $50,000 per year, and mother presented no evidence as to why she left that job, i.e., whether her termination was voluntary or involuntary. Mother testified she is now working as a waitress part-time while earning a master's degree on-line. Furthermore, mother did not proffer specific evidence concerning her current income. The trial court directly questioned mother concerning her current monthly income, and on cross-examination, father's counsel attempted to elicit information from mother about her employment possibilities and her current income. The only evidence the trial court refused to admit was evidence mother proffered related to her income prior to the entry of the October 28, 2005 final decree of divorce. The trial court's ruling was proper. "Code § 20-108 directs the court to consider matters relevant to the circumstances of the parties and the benefit of the children which arise in the factual context of the petition for modification of support." Yohay v. Ryan, 4 Va. App. 559, 567, 359 S.E.2d 320, 325 (1987). Therefore, mother's evidentiary argument is without merit.

Mother also asserts that the trial court failed to calculate the presumptive award of child support and failed to make written findings concerning whether application of the child support guidelines would be unjust or inappropriate here.

> "Once a child support award has been entered, only a showing of a material change in circumstances will justify modification of the support award. The moving party has the burden of proving a material change by a preponderance of the evidence." "[A] party seeking a reduction in support payments has additional burdens: '[H]e must make a full and clear disclosure relating to his ability to pay. He must also show that his lack of ability to pay is not due to his own voluntary act or because of his neglect.'" Thus, in order to prove a material change in circumstances that justifies a reduction in support, a parent "must establish that he is not 'voluntarily unemployed or voluntarily under employed.'"

Hatloy v. Hatloy, 41 Va. App. 667, 672, 588 S.E.2d 389, 391 (2003) (quoting Virginia Dep't of Soc. Servs. v. Ewing, 22 Va. App. 466, 470, 470 S.E.2d 608, 610 (1996) (internal citations omitted)).

Mother's evidence, as recited above, failed to show a material change in circumstances justifying a change in the amount of the child support award. Therefore, mother failed to meet her burden of proof, and the trial court properly denied her motion for a reduction in the award. Leaving the child support award unchanged, the trial court was not required to make new calculations and findings concerning the award. "[W]here no material change in circumstance has occurred since the last modification hearing in which the support guidelines presumably had been considered, the principles of *res judicata* bar the trial judge from reconsidering the child support award." Hiner v. Hadeed, 15 Va. App. 575, 577, 425 S.E.2d 811, 812 (1993).

## II. Attorney's Lien

On April 12, 2007, the trial court entered an order granting the enforcement of an attorney's lien for unpaid fees filed by a law firm which had previously represented mother in this divorce

case.  Mother contends the trial court erred by awarding and enforcing the attorney's lien.  We conclude that this Court lacks jurisdiction to consider this issue.

The Court of Appeals of Virginia has subject matter jurisdiction over "any final judgment, order, or decree of a circuit court involving . . . divorce; spousal or child support; [and] any interlocutory decree . . . entered in [such] cases . . . adjudicating the principles of a cause."  Code § 17.1-405(3)(b) & (d); (4)(ii).  "Unless a statute confers subject matter jurisdiction to that court over a class of appeals, the Court of Appeals is without authority to review an appeal."  Lewis v. Lewis, 271 Va. 520, 524, 628 S.E.2d 314, 316-17 (2006) (citing Canova Elec. Contracting, Inc. v. LMI Ins. Co., 22 Va. App. 595, 599, 471 S.E.2d 827, 829 (1996) ("The Court of Appeals of Virginia is a court of limited jurisdiction.")).

The law firm claimed an attorney's charging lien for unpaid fees pursuant to Code § 54.1-3932, which provides in part:

> Any person having or claiming a right of action sounding in tort, or for liquidated or unliquidated damages on contract or for a cause of action for annulment or divorce, may contract with any attorney to prosecute the same, and the attorney shall have a lien upon the cause of action as security for his fees for any services rendered in relation to the cause of action or claim.  When any such contract is made, and written notice of the claim of such lien is given to the opposite party, his attorney or agent, any settlement or adjustment of the cause of action shall be void against the lien so created, except as proof of liability on such cause of action.

The record contains a fee agreement signed by mother and an attorney from the law firm. Because the fee agreement is a contract between mother and the law firm, the attorney's lien for unpaid fees involves a contract dispute between mother and the law firm.  This Court lacks jurisdiction to consider the appeal of this issue.  See Code § 17.1-405.  Therefore, we transfer mother's appeal related to the attorney's lien to the Supreme Court of Virginia pursuant to Code § 8.01-677.1.

- 6 -

III. Attorney's Fees

Father requests attorney's fees and costs expended in defending this appeal. It is clear that "the appellate court [is] the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal . . . ." O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). An appellate court is in the position "to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment." Id. Reviewing the record of the proceedings as a whole, we conclude that mother should be responsible for father's attorney's fees incurred in this appeal. Therefore, we remand this case to the trial court for determination and award of the appropriate appellate attorney's fees and costs.

Accordingly, the decision of the trial court is summarily affirmed in part, transferred in part, and remanded for further proceedings consistent with this opinion.

Affirmed in part,
transferred in part,
and remanded.