COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Powell and Senior Judge Clements


PHILLIP HOPKINS

MEMORANDUM OPINION[*]

v.       Record No. 1335-10-3                    PER CURIAM
                                                  JANUARY 25, 2011

SANDY D. HOPKINS


FROM THE CIRCUIT COURT OF SMYTH COUNTY
Larry B. Kirksey, Judge

(Michael L. Dennis; Galumbeck, Dennis & Kegley, on brief), for
appellant.

(Patricia E. Smith; Bradford & Smith, P.C., on brief), for appellee.


Phillip Hopkins (husband) appeals from the circuit court's May 21, 2010 order denying his

motion to modify his spousal support obligation.  On appeal, husband contends the trial court erred

by finding he had not demonstrated a material change in circumstances warranting a modification of

spousal support and determining the change in his income was the result of his voluntary act.  Upon

reviewing the record and briefs of the parties, we conclude this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.  Rule 5A:27.

BACKGROUND

The parties were divorced by final decree dated January 15, 2008.  The decree

incorporated the provisions of a property settlement agreement between the parties dated July 27,

2006.  The trial court awarded Sandy D. Hopkins (wife) permanent spousal support in the

amount of $3,000 monthly and ordered husband to provide wife with health insurance.  Husband

failed to comply with the trial court's order and was found in contempt.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Thereafter, husband filed a motion seeking to modify his support obligation, asserting a material change in his financial circumstances warranted a reduction in the support. On February 25, 2010, the trial court heard arguments on the motion.

Husband testified he had maintained a veterinary practice in Virginia for approximately twenty-eight years. Six months after the parties' divorce, husband sold his practice, moved to Alaska, and began working as an associate at a veterinary hospital earning less than he had in Virginia. Husband admitted he began planning to move to Alaska as early as 2006, prior to his divorce and the time he agreed to the obligations outlined in the parties' property settlement agreement. Husband also works reduced hours in his new position.

The record reveals that wife's needs had not changed since the original spousal support award.

## ANALYSIS

"Upon petition of either party the court may increase, decrease, or terminate the amount or duration of any spousal support and maintenance that may thereafter accrue, whether previously or hereafter awarded, as the circumstances may make proper." Code § 20-109(A). "The moving party in a petition for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support." Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989). "The material change 'must bear upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay.'" Street v. Street, 25 Va. App. 380, 386, 488 S.E.2d 665, 668 (1997) (*en banc*) (quoting Hollowell v. Hollowell, 6 Va. App. 417, 419, 369 S.E.2d 451, 452 (1988)).

Circuit courts have significant discretion in awarding and determining the amount of spousal support. Bruemmer v. Bruemmer, 46 Va. App. 205, 210, 616 S.E.2d 740, 742 (2005). This Court limits its review of spousal support awards "to determining whether the trial court

clearly abused its discretion." Miller v. Cox, 44 Va. App. 674, 679, 607 S.E.2d 126, 128 (2005). Where the circuit court has held an *ore tenus* hearing, the circuit court's decision must be "'plainly wrong or without evidence in the record to support it'" for this Court to reverse. Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992) (quoting Schoenwetter, 8 Va. App. at 605, 383 S.E.2d at 30).

The trial court concluded the evidence established husband's alleged change in material circumstances resulted directly from his voluntary career change and thus did not warrant a modification of support.

A party seeking a reduction in support payments must

> "'make a full and clear disclosure relating to his ability to pay. *He must also show that his lack of ability to pay is not due to his own voluntary act* or because of his neglect.'" Edwards v. Lowry, 232 Va. 110, 112-13, 348 S.E.2d 259, 261 (1986) (emphasis added). Thus, in order to prove a material change in circumstances that justifies a reduction in support, [he] "must establish that he is not 'voluntarily unemployed or voluntarily under employed.'" Antonelli v. Antonelli, 242 Va. 152, 154, 409 S.E.2d 117, 119 (1991).

Hatloy v. Hatloy, 41 Va. App. 667, 672, 588 S.E.2d 389, 391 (2003) (quoting Virginia Dep't of Soc. Servs. v. Ewing, 22 Va. App. 466, 470, 470 S.E.2d 608, 610 (1996)). See also Srinivasan v. Srinivasan, 10 Va. App. 728, 734, 396 S.E.2d 675, 679 (1990) (spouse may not choose a low paying position in order to avoid ability to pay spousal support). In short, voluntary underemployment is not a *material* change in circumstance.

An award of spousal support "must be based upon the circumstances in existence at the time of the award." Payne v. Payne, 5 Va. App. 359, 363, 363 S.E.2d 428, 430 (1987). We cannot say upon review the trial court erred when it determined that husband's reduction in income through a voluntary change in employment was not a material change of circumstances warranting a reduction or abatement in spousal support.

- 3 -

Therefore, we summarily affirm the judgment of the trial court.  <u>See</u> Rule 5A:27.

<u>Affirmed.</u>